IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,120-05





EX PARTE LAURENCE RONALD SUNDERLAND, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR24254-A IN THE 75TH DISTRICT COURT


FROM LIBERTY COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery,
enhanced by a prior conviction, and sentenced to twenty-seven years' imprisonment. He did not
appeal his conviction. 

 Applicant contends, inter alia, that his plea agreement was violated because he was not given
pre-sentence jail credit from April 22, 2002. The trial court has entered findings pertaining to other
elements of Applicant's plea agreement, but did not address whether an element of that agreement
was that Applicant receive credit for pre-sentence confinement from April 22, 2002. Applicant has
alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984);
Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997),
the trial court is the appropriate forum for making findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea agreement was violated. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law and any
documents used to reach those findings, shall be returned to this Court within 120 days of the date
of this order. Any extensions of time shall be obtained from this Court. 




Filed: August 20, 2008

Do not publish